IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOBY KATZ,<br><br>　　　　　　　　　　**Plaintiff,**<br><br>　　　v.<br><br>IRON HILL COMPANY *et al.*,<br><br>　　　　　　　　　　**Defendants.** | CIVIL ACTION NO. 22-1012 |

**ORDER**

**AND NOW,** this 13th day of April 2022, upon consideration of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 2], and other communications from counsel, and after a telephone conference held on March 21, 2022 with counsel for Plaintiff and Defendants Joseph and Donna Grasso, it is hereby **ORDERED** that:

1.　　　Insofar as the Motion seeks a temporary restraining order, the Motion is **DENIED without prejudice**.[1]

---

[1] Temporary restraining orders, like preliminary injunctions, are governed by Federal Rule of Civil Procedure 65. Such injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). In evaluating a motion to grant a temporary restraining order, the Court considers four factors:

> "(1) likelihood of success on the merits; (2) likelihood of irreparable harm to the movant in the absence of relief; (3) balance of the harms between the plaintiff on the one hand and the defendants on the other; and (4) public interest considerations. The factors are the same for both temporary restraining orders and preliminary injunctions, but, temporary restraining orders typically remain in effect for a maximum of 28 days, and cannot extend indefinitely. A preliminary injunction, on the other hand, is effective until a decision has been reached on the merits."

*Corp. Synergies Grp., LLC v. Andrews*, 775 F. App'x 54, 58 n.5 (3d Cir. 2019) (internal citations and quotations omitted).

Here, Plaintiff argues that she will suffer irreparable harm because she will be unable to collect on a multi-million-dollar judgment against Defendant Joseph Grasso. Pl.'s Mem. L. Supp. Mot. Prelim. Inj. [Doc. No. 2-1] at 16–17. Plaintiff alleges that Defendant Joseph Grasso has heretofore been able to evade payment by disclaiming ownership of Defendant Iron Hill Company and Defendant Louderback Group, LLC, while allegedly controlling these

2. A hearing on Plaintiff's Motion for a preliminary injunction will be held on **June 8, 2022** at **10:00 AM** in **Courtroom 12A** of the United States Courthouse, 601 Market Street, Philadelphia, PA 19106. Counsel for all parties <u>must attend this hearing in person</u> and be prepared to present witnesses and other evidence in support of or in opposition to the motion.

3. The parties shall conduct limited discovery between the date of this Order and **May 27, 2022** in preparation for the hearing.

4. Defendants shall respond to the Complaint, by answer or motion, in the time required by the Federal Rules of Civil Procedure.

It is so **ORDERED.**

**BY THE COURT:**

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

companies, their operations, and their assets to finance his luxurious lifestyle. *See* Pl.'s Mem. L. Supp. Mot. Prelim. Inj. [Doc. No. 2-1].

Dissolution of assets to which a plaintiff has a superior claim may represent irreparable harm in some circumstances, especially where such dissolution may be the result of intentional efforts to frustrate satisfaction of a court judgment. *See State Farm Mut. Auto. Ins. Co.*, 376 F. App'x at 184. However, on the present record, Plaintiff has not established the necessity or propriety of the extraordinary remedy of enjoining the *status quo* operations of two functioning businesses against which Plaintiff has no direct judgment and which are purportedly owned and controlled by at least some Defendants against whom Plaintiff also has no judgment. Once the issues are fully briefed, and relevant evidence presented at a hearing, the Court will determine whether it is appropriate to "grant a preliminary injunction against a nonparty to maintain the status quo as to property that might have been placed beyond the reach of a judgment creditor to avoid satisfying a judgment." *Berger v. Zeghibe*, 666 F. App'x 119, 123 (3d Cir. 2016).