IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TOBY KATZ**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**MICHAEL GRASSO**, *et al.*<br><br>    **Defendants.** | **CIVIL ACTION NO. 20-6320** |
| **TOBY KATZ**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**IRON HILL COMPANY**, *et al.*<br><br>    **Defendants.** | **CIVIL ACTION NO. 22-1012** |

<u>**MEMORANDUM OPINION**</u>

**Rufe, J.**                                       **March 6, 2024**

Plaintiff Toby Katz filed these actions against numerous Defendants, stemming from efforts to collect on a judgment against Defendant Joseph Grasso. Defendants Joseph Grasso and his wife Donna Grasso (the "Grassos") move for summary judgment due to Plaintiff's alleged lack of Article III standing.[1] For the reasons stated below, Defendants' motion will be denied.

**I.  LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56(a), summary judgment is warranted if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "Only disputes over facts that might affect the outcome of the suit under the governing

---

[1] Defendants have filed a substantially identical Motion for Summary Judgment in both pending cases. *See* Defs.'s Mot. Summ. J. [Doc. No. 37 in Civil Action No. 20- 6320; Doc. No. 82 in Civil Action No. 22- 1012].

[2] Fed. R. Civ. P. 56(a).

law will properly preclude the entry of summary judgment."[3] To evaluate a motion for summary judgment, the court must "view the facts in the light most favorable to the non-moving party" and draw "all reasonable inferences in that party's favor."[4]

## II. DISCUSSION

The Court discusses only the facts relevant to the present motion. In November 2016, Toby Katz's since-deceased spouse, Marshall Katz, obtained a judgment of more than $23 million against Joseph Grasso in Illinois state court. That Judgment was transferred to Montgomery County, Pennsylvania in February 2017.[5] Marshall Katz died intestate on or about October 18, 2020. On December 16, 2020, Toby Katz brought the first action in this Court in an effort to collect on the Judgment. The second action was filed on March 17, 2022.

Defendants argue that because Plaintiff Toby Katz brought these actions in her individual capacity, as opposed to as the personal representative, administrator, or executor of Marshall Katz's Estate, she is not the "real party in interest" and does not have Article III standing to proceed with the cases. Toby Katz contends that she is the real party in interest, but, in the alternative, argues that under Federal Rule of Civil Procedure 17(a)(3), her daughter, Rachel Katz, should be properly joined as the real party in interest because Rachel is now the administrator of the Estate of Marshall Katz.

Article III standing and the real party in interest principle embodied in Rule 17 are two distinct, but closely related concepts.[6] Constitutional standing is a threshold jurisdictional

---

[3] *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

[4] *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (citation omitted).

[5] *Katz v. Grasso*, No. 2017-02140 (Montgomery Cnty. Ct. Com. Pl. filed Feb. 1, 2017).

[6] *See In re Herley Indus. Inc. Sec. Litig.*, No. 06-2596, 2009 WL 3169888, at *7 (E.D. Pa. Sept. 30 2009); *see also Schafer v. Decision One Mortg. Corp.*, 2009 WL 1886071, at *5 n.4 (E.D. Pa. June 30, 2009) ("[t]he distinction between standing to sue and the real party in interest doctrine is, understandably, often blurred by judges and lawyers") (quoting *Tate v. Snap–On Tools Corp.,* No. 90–4436, 1997 WL 106275, at *4 (N.D. Ill. Feb. 11, 1997).

limitation, as federal courts may only decide real "cases" or "controversies."[7] "[T]he irreducible constitutional minimum of standing consists of three elements[:] the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[8] A plaintiff "generally must assert [her] own legal rights and interests," not those of third parties.[9]

Relatedly, Rule 17 "ensures that only a person who possesses the right to enforce a claim and who has a significant interest in the litigation can bring the claim."[10] In other words, an action must be prosecuted by the real party in interest.[11] "Not every party with standing is a real party in interest, although real parties in interest usually have standing."[12] Rule 17 is used to ensure that there are not multiple or conflicting lawsuits and that the litigation will have a *res judicata* effect.[13] Rule 17 contains a provision that allows for the joinder or substitution of the real party in interest, which then relates back to the time of the filing of the complaint.[14] "[T]he question of relation back is procedural and therefore properly analyzed according to federal practice."[15]

---

[7] See *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) (citation omitted).

[8] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)) (citations and quotation marks omitted).

[9] *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Yaw v. Delaware River Basin Comm'n*, 49 F.4th 302, 315 (3d Cir. 2022) (citing *Penn. Psych. Soc. v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 288 (3d Cir. 2002) (quoting *Powers v. Ohio*, 499 U.S. 400, 410, (1991))).

[10] *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l.*, 790 F.3d 411, 420 (2d Cir. 2015) (citation, quotation marks, and alteration omitted).

[11] Fed. R. Civ. P. 17(a)(1).

[12] *Fletcher v. City of New London*, No. 16-241, 2017 WL 690533, at *3 (D. Conn. Feb. 21, 2017) (citing Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1542 (3d ed.)).

[13] *Cortlandt .*, 790 F.3d at 420 *(cited to in Hudson v. Columbia Life Ins. Co.*, No. 20-5252, 2021 WL 2823074, at * 1 (E.D. Pa. July 6, 2021)).

[14] *See* Fed. R. Civ. P. 17(a)(3).

[15] *Nelson v. Cnty. of Allegheny*, 60 F.3d 1010, 1014 n.5 (3d Cir. 1995) (citation omitted).

Here, the first question for the Court is whether Toby Katz, as the widow of Marshall Katz, is the real party in interest under Rule 17(a). If she is not, then the question is whether Rachel Katz, as the administrator of the Estate of Marshall Katz, may properly become Plaintiff at this juncture. There is no dispute that the administrator has standing to pursue this action.

A. Rule 17(a)(1)

Federal Rule of Civil Procedure 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." If the real party in interest dies, the executor or administrator of her estate may prosecute the action on her behalf.[16] Under Pennsylvania and Illinois law,[17] the personal representative (*i.e.* the executor or administrator) of the estate must be the one to proceed upon the death of a judgment creditor.[18] In other words, the heir or widow of a judgment creditor who passed intestate is not the proper person to file a lawsuit without becoming the administrator, executor, or personal representative of the Estate.

---

[16] Fed. R. Civ. P. 17(a)(1)(A)–(B).

[17] As noted above, the original Judgment was issued in Illinois and has since been transferred to Pennsylvania.

[18] In Illinois, 735 ILCS 5/12-155 states:

> The collection of a judgment shall not be delayed or hindered, or the lien created by law abate, by reason of the death of any person in whose favor such judgment stands; but the executor or administrator may cause his or her letters of office to be filed in such court, after which the judgment may be enforced and proceeding had in the name of the executor or administrator as such, in the same manner as if the judgment had been recovered in his or her name.

In Pennsylvania:

> The "personal representative" of a decedent's estate in Pennsylvania is "the executor or administrator of the estate of a decedent duly qualified by law to bring actions within this Commonwealth." Pa. R. Civ. P. 2201. To qualify, one must petition for a grant of letters testamentary or letters of administration. 20 Pa. C.S. §§ 3153, 3155. When there is a will, it must be probated and the executor appointed by the Register of Wills. 20 Pa. C.S. § 3155(a). When there is no will, letters of administration are granted by the Register to the heir in the order of priority outlined in 20 Pa. C.S. § 3155(b).

See *Breslow v. State Street Corp.*, No. 20-212, 2020 WL 6504546, at *2 (E.D. Pa. Nov. 5, 2020).

Plaintiff does not dispute that at the commencement of this litigation, Plaintiff, Toby Katz, was not the executor, administrator, or personal representative of Marshall Katz's estate.[19] Nor does Plaintiff dispute that Marshall Katz died intestate.[20] Therefore, at the commencement of the litigation, Plaintiff failed to establish herself as the real party in interest under Rule 17(a)(1).

Plaintiff now requests that Rachel Katz—Toby and Marshall Katz's daughter and the administrator of Marshal Katz's Estate—be joined or substituted as the real party in interest. Plaintiff's request was stated in their Response and Sur-Reply.[21] It is not clear whether Plaintiff seeks to join or, in the alternative, substitute Rachel Katz as a party. The Court is skeptical that joinder would resolve the real party in interest issue, since Rachel, not Toby, is now the administrator of Marshall Katz's Estate. As stated in the accompanying Order, Rachel Katz must file a proper Motion clarifying whether she seeks to join or substitute as a Plaintiff. However, in order to rule on Defendants' motion, the Court will examine whether Rachel Katz may be a real party in interest and whether the request was brought within a reasonable time after Defendants' objection.

B. Rule 17(a)(3)

---

[19] *See* Pl.'s Resp. Opp'n [Doc. No. 89 in Civil Action No. 22-1012] at 2 (explaining that Plaintiff is "proceeding as Marshall Katz's widow and heir" and that the family has since filed papers to appoint Rachel Katz as the administrator of the Estate of Marshall Katz).

[20] *Id.* at 3.

[21] Pl.'s Resp. [Doc. No. 89 in Civil Action No. 22-1012] at 2 (Rachel Katz "intends to join these two matters as a party plaintiff in her role as administrator of the Estate of Marshall Katz as soon as letters of administration are issued."); Pl.'s Sur-Reply [Doc. No. 93 in Civil Action No. 22-1012] at 1–2 ("On June 28, 2023 – just 16 days after Defendants filed their motion first raising the standing issue – the Register of Wills of Montgomery County, Pennsylvania granted Letters of Administration to Rachel A. Katz for the Estate of Marshall Jay Katz (also known as Marshall Katz) . . . Rachel may therefore now be joined as a plaintiff, pursuant to Federal Rule of Civil Procedure 17(a)(3), and Plaintiff requests that such joinder be granted.").

Despite Defendants' contestations, an action may not be dismissed simply because the Plaintiff was not the real party in interest when the Complaint was filed without first allowing the real party in interest an opportunity to ratify, join or be substituted in the action under Rule 17(a)(3).[22] Although standing "must exist from the commencement of litigation,"[23] ratification subsequent to the commencement of a lawsuit "may be sufficient to cure any real party in interest defects in the suit."[24] Courts have "authority to determine whether ratification is appropriate in a given case"[25] and the Court has "broad discretion" to allow parties to substitute plaintiffs.[26]

Rule 17 contains a relation-back provision, which allows a party to cure a real party in interest deficiency when the addition or substitution of the real party of interest does not alter the facts or claims of the case.[27] Rule 17(a)(3) states:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.[28]

In other words, "Rule 17(a) requires that no action be dismissed upon a finding that it was not brought by the real party in interest absent allowance of a reasonable period following

---

[22] Fed. R. Civ. P. 17(a)(3); *see also Breslow*, 2020 WL 6504546, at *2; *Gee v. CBS, Inc.*, 471 F. Supp. 600, 617 (E.D. Pa. 1979), *aff'd*, 612 F.2d 572 (3d Cir. 1979).

[23] Defs.' Mot. Summ. J. [Doc. No. 82 in Civil Action No. 22-1012] at 8–9 (quoting *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

[24] *Motta v. Resource Shipping & Enters. Co.,* 499 F. Supp. 1365, 1371 (S.D.N.Y.1980).

[25] *Herley*, 2009 WL 3169888, at *7 (quoting *Motta v. Resource Shipping & Enters. Co.*, 499 F. Supp. 1365, 1371 (S.D.N.Y. 1980)).

[26] *See Herley,*, 2009 WL 3169888, at *7, *Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities.").

[27] *Fletcher*, 2017 WL 690533, at *7

[28] Fed. R. Civ. P. 17(a)(3).

objection for ratification by the real party in interest."[29] In fact, "Rule 17(a)(3) provides that relation back is required in all but limited circumstances."[30]

Courts have applied Rule 17(a)(3) to allow an administrator or executor to be substituted as the proper party when a claim was brought by an heir or successor inappropriately. For example, in *Brohan v. Volkswagen Manufacturing Corp. of America*, the plaintiff initiated an action on behalf of her deceased husband on October 9, 1979, but was not appointed the executrix of her husband's will until September 2, 1982.[31] The Court concluded that:

> Plaintiff's lateness in obtaining and pleading her appointment as executrix is the kind of technical mistake apparently contemplated by Rule 17(a). . . .The note refers to cases where "an honest mistake has been made in choosing the party in whose name the action is to be filed" . . . Here it appears that plaintiff's attorney made an honest mistake in assuming that plaintiff could maintain the action as an individual.[32]

Similarly, in *Estate of Fortunato v. Handler*, the plaintiff filed a complaint on behalf of the estate of his deceased brother on December 30, 1994.[33] However, he was not granted the letters of administration until over two months later. The court held that [a]lthough [Plaintiff] was not appointed administrator of decedent's estate until February 7, 1995, his post–appointment ratification of that suit has the same effect as if the action had initially been commenced in the name of the real party in interest pursuant to [Rule] 17(a)."[34]

---

[29] *Durabla Mfg. Co. v. Goodyear Tire & Rubber Co.*, 124 F. App'x 732, 734 (3d Cir. 2005) (; *see also Lefta Assocs. v. Hurley*, 902 F. Supp. 2d 559, 575-76 (M.D. Pa. 2012) ("Rule 17(a)(3) of the Federal Rules of Civil Procedure provides an express limitation on the power of a court to dispose of an action when it has not been brought by the real party [in] interest.").

[30] *In re Tylenol (Acetaminophen) Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 13-md-2436, 2015 WL 7075812, *8 (E.D. Pa. Nov. 13, 2015) (footnote omitted).

[31] 97 F.R.D. 46, 48 (E.D. N.Y. 1983).

[32] *Id.* at 49.

[33] 969 F. Supp. 963, 966 (W.D. Pa. 1996).

[34] *Id.* at 967; *see also Webster v. Gower*, No. 07-888, 2010 WL 520522, at *5 (D. Utah Feb. 8, 2010) (allowing a reasonable time to substitute decedent's estate in place of the parents under Rule 17(a)(3)).

Rule 17(a)(3) is intended to be used "when determination of the proper party to sue is difficult or when an understandable mistake has been made."[35] To determine if substitution of Rachel Katz as Plaintiff is proper under Rule 17(a)(3), the Court must determine whether 1) the joinder or substitution request was brought within a reasonable time after an objection and 2) the change does not "alter [ ] the known facts and issues on which the action is based,"[36] so that it would prejudice the Defendants.

1. *Whether the Request for Joinder, Substitution, or Ratification Occurred Within a Reasonable Time After Objection*

The Court must determine if the real party in interest requested to join, ratify, or be substituted into the action within a reasonable time after Defendants objected to Toby Katz as Plaintiff by filing the motion for summary judgment.[37] "What constitutes reasonable time . . . is a matter of judicial discretion and will depend upon the facts of each case."[38]

Here, the reasonable time clock began when Defendants first raised the issue in their Motion for Summary Judgment on June 12, 2023. Fourteen days later, Plaintiff responded to the Motion by informing the Court that "Ms. Katz and her three children recently filed papers with the state courts in both Montgomery County, Pennsylvania (situs of the Pennsylvania Judgment at issue) and Cook County, Illinois (where Marshall Katz resided and died) to appoint Rachel

---

[35] *Herley*, 2009 WL 3169888 at *7, *see also Nelson*, 60 F.3d at 1015 n.8 (3d Cir. 1995) (quoting Fed. R. Civ. P. 17, Advisory Committee's Notes (1966 Amend.)).

[36] *Herley*, 2009 WL 3169888 at *7.

[37] *See Holland v. Ross,* 62 Fed. Cl. 395, 405–06 (Fed. Claims 2004) (for purposes of the Rule 17(a) "reasonable time" inquiry, an "objection" occurs when either a party or the court makes a motion to notify the erring party of the error regarding real parties in interest); *Wieburg v. GTE Southwest, Inc.,* No. 98–2057, 2002 WL 31156431, at *2–5 (N.D. Tx. Sept. 26, 2002) (determining that defendant "objected" when it filed a motion to dismiss contending that plaintiff lacked standing because the claims properly belonged to plaintiff's bankruptcy trustee), *aff'd*, 71 F. App'x 440 (5th Cir. 2003).

[38] *Wieburg*, 2002 WL 31156431, at *3 (quoting 6A Charles Alan Wright et al., Federal Practice. & Procedure § 1555 (2d ed. 1990)); *Nagle v. Commercial Credit Business Loans, Inc.,* 102 F.R.D. 27, 32 (E.D. Pa. 1983) *(*"A final question to be resolved before applying Rule 17(a) is whether a reasonable amount of time has elapsed. The court, at its discretion, may deny leave to substitute").

8

Katz ("Rachel") the administrator of the Estate of Marshall Katz," since Rachel Katz has already been acting on her mother's behalf pursuant to a power of attorney.[39] Plaintiff stated Rachel's intention to "join these two matters as a party plaintiff in her role as administrator of the Estate of Marshall Katz as soon as letters of administration are issued."[40] On July 10, 2023, in Sur-Reply, Plaintiff requested that joinder or substitution be granted pursuant to Rule 17(a)(3) because Rachel Katz's letters of administration have been issued.[41] The Court finds that such a request occurred within a reasonable time of the objection, since Plaintiff and Rachel Katz took action within a few days of the objection being brought to their attention.

2. *Whether Naming Rachel Katz as Plaintiff will Alter the Facts and Issues of the Case*

Next, the Court must determine whether Plaintiff's proposed change alters the known facts and issues on which the action is based, such that Defendants would be prejudiced by the amendment under Rule 17(a)(3).[42] In other words, the question is whether the substitution of Rachel Katz would have a "material impact on the Complaint's factual allegations so as to alter the events or the participants in this action."[43] As Wright and Miller instruct with regard to relation back under Rule 15:

> As long as defendant is fully apprised of a claim arising from specified conduct
> and has prepared to defend the action, defendant's ability to protect itself will not

---

[39] Pl.'s Resp. Opp'n [Doc. No. 89 in Civil Action No. 22-1012] at 2.

[40] *Id.*

[41] Pl.'s Sur-Reply [Doc. No. 93 in Civil Action No. 22-1012] at 1–2 ("On June 28, 2023 – just 16 days after Defendants filed their motion first raising the standing issue – the Register of Wills of Montgomery County, Pennsylvania granted Letters of Administration to Rachel A. Katz for the Estate of Marshall Jay Katz (also known as Marshall Katz) . . . Rachel may therefore now be joined as a plaintiff, pursuant to Federal Rule of Civil Procedure 17(a)(3), and Plaintiff requests that such joinder be granted."). *See also* Ex. E [Doc. No. 93-1 in Civil Action No. 22-1012] (Register of Wills of Montgomery County, Pennsylvania granted Letters of Administration to Rachel A. Katz for the Estate of Marshall Jay Katz); Ex. F [Doc. No. 93-2 in Civil Action No. 22-1012] (short certificate).

[42] *Herley*, 2009 WL 3169888, at *7.

[43] *Lefta*, 902 F. Supp. 2d at 565; *see also Nelson,* 60 F.3d at 1015 n. 8 (quoting Fed. R. Civ. P. 17, Advisory Committee's Notes (1966 Amend.)).

be prejudicially affected if a new plaintiff is added, and defendant should not be permitted to invoke a limitations defense.[44]

There is a "judicial tendency to be lenient when an honest mistake has been made in selecting the proper plaintiff."[45] Substitution or joinder should be "liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants."[46] This makes sense as the main purpose of Rule 17 is "to prevent multiple or conflicting lawsuits by persons such as assignees, executors, or third-party beneficiaries who would not be bound by *res judicata* principles."[47] "[T]here plainly should be no dismissal where substitution of the real party in interest is necessary to avoid injustice."[48]

Here, there is no concern of multiple or conflicting lawsuits occurring and the substitution of Rachel Katz as named Plaintiff would not change the facts, events, or claims in the Complaint. Toby Katz, the widow of Marshall Katz, made a technical mistake by failing to file for letters of administration. Toby and Marshall's daughter, Rachel Katz, is currently acting as Toby Katz's power of attorney. Therefore, Plaintiff requests that Rachel Katz join the action because she is now the administrator of Marshall Katz's Estate. Despite the change in name from "Toby" to "Rachel," all of the facts, issues, and disputes would remain unchanged.

The Court may not apply Rule 17(a) "blindly to permit substitution of the real party in interest in every case."[49] Instead, substitutions are limited to those that are the "result of an

---

[44] 6A *C. Wright, Miller & Cooper, Federal Practice & Procedure,* § 1501(3d ed.).

[45] *Cortlandt*, 790 F.3d at 421 (quotation marks and citation omitted).

[46] *Fletcher*, 2017 WL 690533, at *6(quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)).

[47] *Id.* (quotation marks and citation omitted)

[48] *Advanced Magnetics*, 106 F.3d at 20 (quotation marks and citations omitted).

[49] *Feist v. Consolidated Freightways Corp.*, 100 F. Supp. 2d 273, 276 (E.D. Pa. 1999), *aff'd,* 216 F.3d 1075 (3d Cir. 2000).

10

honest and understandable mistake."[50] For example, the use of Rule 17 may not be used to allow attorneys to file "placeholder actions" with the hopes of "keep[ing] a limitations period open while they investigate their claims and track down the proper parties."[51] Here, Plaintiff did not file this initial lawsuit as a placeholder lawsuit as she searched for the proper party or investigated claims. Toby Katz incorrectly presumed that being the wife of the decedent allowed her to raise these claims without formally becoming the administrator of the Estate. In fact, it appears that Defendants *also* thought Toby Katz was the proper party of this litigation as the matter was not raised to the Court's attention until years after the original action commenced. Michael Grasso even referred to Ms. Katz as a "judgment creditor" and referred to the judgment as "her (i.e., Ms. Katz's) judgment" in his countersuit against Ms. Katz, which this Court later dismissed.[52]

Defendants will not be prejudiced by the substitution of Rachel Katz as the new party, since none of the underlying allegations or claims are altered in any manner.[53] "No one has been

---

[50] *Id.*

[51] *In re Engle Cases*, 767 F.3d 1082, 1113-14 (11th Cir. 2014) ("Rule 17 was not promulgated to allow lawyers to file placeholder actions ([plaintiffs' counsel] called them 'protective filings') to keep a limitations period open while they investigate their claims and track down the proper parties."); *see also* Fed. R. Civ. P. 17, Advisory Committee Notes (1966) (Rule 17 does not mean "that, following an airplane crash in which all aboard were killed, an action may be filed in the name of John Doe (a fictitious person), as personal representative of Richard Roe (another fictitious person), in the hope that at a later time the attorney filing the action may substitute the real name of the real personal representative of a real victim, and have the benefit of suspension of the limitation period."). *Cf. Staren v. American Nat. Bank & Trust Co.,* 529 F.2d 1257, 1263 (7th Cir.1976) ("The substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based.").

[52] *See* Am. Compl. [Doc. No. 6] in *Grasso v. Katz*, Civil Action No. 21-5472 (E.D. Pa.) ¶¶ 5, 21, 23.

[53] See *Wiwa v. Royal Dutch Petroleum Co.*, Nos. 96-8386, 01-1909, 02 7618, 2009 WL 464946, at *10 (S.D.N.Y. Feb. 25, 2009) (explaining how ratification under Rule 17(a)(3) caused no prejudice to defendants because "defendants had notice in the original complaint of the nature of the claims against them") (citations omitted) and at *12 ("Defendants will not suffer prejudice if the Court grants all Third–Party Plaintiffs leave to join the real parties in interest….Here, only the legal status of the Third–Party Plaintiffs will be altered; the factual allegations will remain unchanged."); *Webster,* 2010 WL 520522, at *5  ("The Court is not convinced that allowing substitution at this time would work any undue hardship upon Defendants."); *In re Tylenol,* 2015 WL 7075812 at *14 (finding no prejudice in ratifying the action).

misled in the slightest degree as to the nature of the claim or the issues at stake." "It would hardly be 'just' to hold that plaintiff was too late to correct the situation where no prejudice to defendants has occurred and there is no evidence that the delay was a tactic undertaken in bad faith."[54] Considering the posture of this case and the extensive discovery conducted, the Court will deny Defendants' Motion for Summary Judgment.[55] To prohibit the substitution of Rachel Katz would "be contrary to both the language and spirit of Rule 17."[56]

### III. CONCLUSION

For the aforementioned reasons, the Motion for Summary is denied. An order will be entered.

---

[54] *Brohan*, 97 F.R.D. at 50; *see also* Fed. R. Civ. P. 1 (the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

[55] In their Reply, Defendants seek sanctions against Plaintiff for her "pursuit of claims in her individual capacity that can only be brought by the personal representative of the Estate of Marshall Katz." Defs. Reply [Doc. No. 92 in Civil Action No. 22-1012] at 10. First, Defendants cite to Pennsylvania Rules of Civil Procedure 2352 and 2355 to establish that the substitution of a personal representative is mandatory. However, these Pennsylvania Rules apply "[i]f a named party dies *after* the commencement of an action." *See* Pa. R. Civ. P. 2355(a) (emphasis added). Defendants also cite to the Pennsylvania case *Leake v. Rosh*, 2013 WL 11250117 (Pa. Super. Ct. 2013). However, under Pa. Code § 65.37, "[a]n unpublished memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by a Court or a party in any other action or proceeding . . ." Furthermore, the facts are inapplicable to this case. In *Leake*, the plaintiff died after filing the action, but his attorney continued litigating the case without substituting a personal representative on Leake's behalf. *Leake v. Rosh*, No. 374 MDA 2013, 2013 WL 11250117, at *1 (Pa. Super. Ct. Nov. 13, 2013). In contrast, Plaintiff Toby Katz initiated the suit *after* her husband's death, presuming that she could proceed with the suit as the heir without formally becoming the administrator of her husband's Estate. Most importantly, Federal Rule of Civil Procedure 17 governs this dispute. *See In re Tylenol*, 2015 WL 7075812 at *9 ("the question of relation back is procedural and therefore properly analyzed according to federal practice") (E.D. Pa. Nov. 13, 2015) (quotation marks and citation omitted). As Plaintiff has requested the joinder or substitution of a party under Rule 17(a)(3) within a reasonable time, Defendants' request for sanctions is denied.

[56] *Nagle*, 102 F.R.D. at 32.

12